IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARRETT DOUGLAS JONES, #83695,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**GRANITE CITY POLICE DEPT.,** )<br>**DETECTIVE ROZELL, and** )<br>**DETECTIVE BEISHERS,** )<br>)<br>**Defendants.** ) | Case No. 22-cv-01401-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Garrett Douglas Jones, a pretrial detainee at Madison County Jail, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff claims that Granite City Police Detectives Rozell and Beishers inflicted serious injuries and withheld medical treatment until Plaintiff confessed to swallowing drugs on or around May 9, 2022. (Doc. 1, pp. 1-14). Plaintiff seeks money damages from the defendants. (*Id.*).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-14): On or around May 9, 2022, Plaintiff was taken to Granite City Police Department for questioning in

1

connection with an undisclosed matter. (*Id*. at 5, 12). At some point, Detectives Rozell and Beishers walked Plaintiff outside of the police station, and he ran from them. (*Id*.). The two detectives caught him while he was climbing a fence. (*Id*.). They punched him in the ribs and head until he fell from the fence. (*Id*.). Other staff members joined them until it "seemed like the entire day shift" took part in the beating. (*Id*. at 9). Plaintiff sustained a concussion, broken ribs, lacerations on his thigh, puncture wounds on his stomach, and a "split" testicle. (*Id*. at 5, 12).

Plaintiff was refused medical treatment until he confessed to swallowing drugs. (*Id*.). In fact, Detective Rozell told Plaintiff that he "would make this worse" until he confessed. (*Id*.). When Plaintiff finally admitted to the crime, he was taken to the hospital for treatment of his injuries. (*Id*.). Some injuries were documented and treated, and others were not. (*Id*.). However, the toxicology report confirms no presence of drugs in his system. (*Id*.). Plaintiff now brings claims against Granite City Police Department, Detective Rozell, and Detective Beishers for police brutality, denial of medical treatment, a coerced confession, and denial of equal protection of the law. (*Id*.).

## **Preliminary Dismissal**

Granite City Police Department is named as a defendant, but no claims survive screening against the police department. This entity is not a "person" subject to suit under 42 U.S.C. § 1983. The police department likely represents Plaintiff's attempt to hold the municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury, and the allegations point to no policy or custom that caused a constitutional injury to occur here. Accordingly, Granite City Police Department shall be dismissed with prejudice from this action.

## Discussion

Based on the allegations, the Court now recognizes the following enumerated counts in the *pro se* civil rights Complaint:

**Count 1**:   Detectives Rozell and Beishers used excessive force against Plaintiff on or around May 9, 2022.

**Count 2:**   Detectives Rozell and Beishers denied Plaintiff adequate medical treatment for the injuries they inflicted on or around May 9, 2022.

**Count 3:**   Detectives Rozell and Beishers coerced Plaintiff to confess to ingestion of drugs when he ingested none on or around May 9, 2022.

**Count 4:**   Detectives Rozell and Beishers denied Plaintiff equal protection of the law on or around May 9, 2022.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

Different standards apply to excessive force claims brought by arrestees, pretrial detainees, and sentenced prisoners. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). Because Plaintiff explicitly alleges that he was a pretrial detainee at the time he ran from the two detectives, this claim is analyzed under the standard applicable to a detainee. With that said, the Court would also allow this claim to proceed past screening under the Fourth Amendment standard applicable to arrestees and the Eighth Amendment standard applicable to convicted persons.

Pretrial detainees cannot be punished at all. *Kingsley*, 576 U.S. at 400 (citations omitted). A pretrial detainee bringing an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*. No showing regarding the defendant's state of mind is required. *Id*. The allegations in the Complaint articulate a Fourteenth

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Amendment claim of excessive force against both defendants for their conduct on or around May 9, 2022.  *See, e.g.*, *Maus v. Baker*, 641 F. App'x 596, 599 (7th Cir. 2016) (allowing excessive force claim brought by pretrial detainee to proceed against jail officials who choked and pushed him).  Accordingly, Count 1 shall proceed against Detectives Rozell and Beishers.

### Count 2

Count 2 is also governed by different standards that depend on the plaintiff's status as an arrestee, detainee, or prisoner at the time his claim arose.  Because Plaintiff identifies himself as a detainee, the Court will apply the Fourteenth Amendment due process standard to the claim at screening.  However, the allegations articulate a claim against both defendants, regardless of his status and the applicable standard.

A two-part inquiry governs a pretrial detainee's claim for inadequate medical care.  *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).  The first part of the inquiry examines whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case."  *McCann,* 909 F.3d at 886 (citing *Miranda*, 900 F.3d at 353).  The second part of this inquiry asks whether the defendant's conduct was objectively reasonable based on the totality of circumstances faced by the defendant.  *Id*.  The allegations suggest that both defendants acted purposefully, knowingly, or even recklessly—and in an objectively unreasonable manner—when delaying or denying Plaintiff's medical treatment for a concussion, broken ribs, lacerations, and abrasions on or around May 9, 2022.  Count 2 shall therefore proceed against both of the detectives.

### Count 3

Plaintiff claims that Detectives Rozell and Beishers coerced him into confessing to ingestion of drugs by withholding treatment for his injuries until he involuntarily confessed to swallowing them.  The Fifth Amendment protects against self-incrimination, and the facts suggest that Plaintiff may have confessed to some crime involuntarily.  Whether he actually did so or not is unclear because Plaintiff offers no additional information about related charges or convictions.  The allegations describe a possible, not plausible, claim under the Fifth Amendment, and this does not satisfy the *Twombly* pleading standard.  *See Twombly*, 550 U.S. at 570.  A plaintiff fails to state a claim if he does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*.  Accordingly, Count 3 shall be dismissed without prejudice against the detectives.

### Count 4

In order to pursue a claim of discrimination under the equal protection clause, Plaintiff must set forth allegations showing that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class."  *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth*., 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)).  Plaintiff's allegations do not establish any elements of this claim.  He simply refers to an equal protection claim in passing.  Count 4 shall be dismissed without prejudice against the detectives.

### Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** survive screening against Defendants **ROZELL** and **BEISHERS** in their individual capacities.  **COUNTS 3** and **4** against Defendants **ROZELL** and **BEISHERS** are **DISMISSED** without prejudice, and **GRANITE CITY POLICE DPEARTMENT** is **DISMISSED** with prejudice, all for failure to state a claim for relief.

Defendants Rozell and Beishers are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**Because at least one claim arises from the denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.  The Clerk's Office is DIRECTED to TERMINATE Defendant GRANITE CITY POLICE DEPARTMENT in CM/ECF.**

With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **ROZELL** and **BEISHERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/28/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.